HURWITZ, Circuit Judge,
concurring in part:
Until 2011, the Supreme Court had not yet spoken clearly on the issue reserved in Preiser v. Rodriguez: the availability of habeas corpus relief “as an alternative remedy to a proper action under § 1983.” 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). But, things have changed.
In Wilkinson v. Dotson, the Court confirmed that a suit under 42 U.S.C. § 1983 “will not he when a state prisoner challenges the fact or duration of his confine *937 ment, and seeks either immediate release from prison, or the shortening of his term of confinement.” 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (citations and quotation marks omitted). As in Preiser, the Dotson majority did not address whether 28 U.S.C. §2254 habeas corpus jurisdiction is confined to such challenges, contenting itself to find that the respondents’ claims fell outside the “implicit ha-beas exception” and were cognizable under § 1983. Id. at 82, 125 S.Ct. 1242. But, Justice Scalia’s concurrence squarely addressed the issue now before us. He contended that allowing suits like .the one before us today to proceed under §.2254 “would require us to broaden the scope of habeas relief beyond recognition.” Id. at 85, 125 S.Ct. 1242 (Scalia, J., concurring). Justice Scalia perceived a bright-line test for habeas jurisdiction:
It is one thing to say that permissible habeas relief, as our cases interpret the statute, includes ordering a quantum change in the level of custody, such as release from incarceration to parole.- It is quite another to say that the habeas statute authorizes federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody.
Id. at 86, 125 S.Ct. 1242 (citation and quotation marks omitted). Expanding ha-beas jurisdiction to cover such claims, Justice Scalia warned, “would utterly sever the writ from its common-law roots.” Id.
Until 2011, Justice Sealia’s concurrence (joined by Justice Thomas) was simply the view of two Justices on an undecided issue. But, then came Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). That case, like Preiser and Dotson, involved the scope of § 1983 jurisdiction; the Court concluded that a prisoner claiming a denial of due process because of the state’s refusal to give him access to DNA samples could seek relief under the civil rights statute. Id. at 534, 131 S.Ct. 1289. But, in explaining that decision, the six-Justice Skinner majority expressly rejected the respondent District Attorney’s argument (adopted by the three dissenters) that “Skinner’s request for DNA testing must be pursued, if at all, in an application for habeas corpus, not in a § 1983 action.” Id. Most importantly for today’s purposes, the Court did so by citing Justice Scalia’s Dotson concurrence with approval:
It suffices to point out that Switzer has found no case, nor has the dissent, in which the Court has recognized habeas as the sole remedy, or even an available one, where the relief sought would “neither terminat[e] custody, aecelerat[e] the future date of release from custody, nor reduc[e] the level of custody.” Dotson, 544 U.S. at 86, 125 S.Ct. 1242 (Sca-lia, J., concurring).
Id. (emphasis added) (brackets in original). The Court later reinforced the point, again citing Justice Scalia’s concurrence with approval:
Dotson declared, however, in no uncertain terms, that when a prisoner’s claim would not “necessarily spell speedier release,” that claim does not lie at “the core of habeas corpus,” and may be brought, if at all, under § 1983. 544 U.S. at 82, 125 S.Ct. 1242 (majority opinion) (internal quotation marks omitted); see id., at 85-86, 125 S.Ct. 1242 (Scalia, J., concurring).
Id. at 535 n.13.
I find Skinner an unambiguous indication' of the Supreme Court’s view on the issue before us. The statements quoted above are, to be sure, technically dicta— the question before the Court was whether Skinner could bring a § 1983 claim, not a habeas petition. But, in rejecting the District Attorney’s contention that Skinner had a potential remedy in habeas alone, the Court expressly adopted the reasoning *938 in Justice Scalia’s Dotson concurrence that § 2254 relief is limited to claims that would necessarily spell speedier release, accelerate future release from custody, or reduce the level of custody. Nettles does not pose such a claim.
Supreme Court dicta as carefully considered as that in Skinner is special; it should be followed absent compelling reasons to the contrary. This case presents none. Were we engaged in an “Erie guess” today about how a state supreme court might decide an issue, we would not pause a moment in light of the kind of statements in Skinner. We should give the Supreme Court similar deference in these circumstances; we best perform our duties as an Article III “inferior” court by not treating the carefully considered Skinner statements, consciously used to reject an argument that habeas was an available remedy, as idle musings.
Were we approaching this matter on a clean slate, traditional principles of statutory construction might lead me to a different result. But we are not. Parsing the language or history of § 2254 is unnecessary to determine where the Supreme Court stands on the issue before us. I therefore join Parts I, II(A), III, and IV of Judge Ikuta’s opinion.